## J. G. Arnold v. Williams and J. A. Coddin's Admr.

**Bills and Notes—Notice of Protest—When to Be Given.**

> The notary was under no obligation to mail the notices in this case, on the evening of the protest, but was bound to mail them on the following day. The first mail left at 6 o'clock A. M. It would have required more than ordinary diligence to have sent them by that mail but if it had been the only one leaving that day this diligence would have been required. By the mail at noon the notices reached their destination at 1 P. M. on that day.

### APPEAL FROM KENTON CHANCERY COURT.

January 16, 1873.

OPINION BY JUDGE LINDSAY:

From the proof in this case we conclude that the notices of protest were mailed to appellants in time to reach Covington at 1 p. m. on the day after the dishonor of the bill.

In the case of *Dodge v. Bank of Kentucky*, 2 A. K. M. 610, this court laid down the doctrine in general terms that the notice when it goes by mail must go by the first mail after the last day of grace is over. It is to be observed that in that case there were but three mails per week between the place of protest and the residence or postoffice of the party sought to be charged. Hence it was important that there should be no delay in mailing the notice. In *Bank of Kentucky v. Eades,* 1st Littel 277, it was held that where the parties to the bill reside in the same village, notice given on the day after protest is sufficient, and we are not aware that the law has ever been construed differently in this State. The cases of *Smith v. Roach,* 7 B. Monroe 17, and *Triplett v. Hunt,* 3d Dana 126, accord with the principle, and require no greater diligence than that the notice of protest shall be mailed the day following the last day of grace.

The notary was under no obligation to mail the notices in this case on the evening of the protest, but was bound to mail them on the following day. The first mail left at 6 o'clock a. m. It would have required more than ordinary diligence to have sent them by that mail but if it had been the only one leaving for Covington that day this diligence would have been required.

By the mail at noon the notices reached Covington at one o'clock p. m. and during business hours.

Had the bill been protested in Covington, notices delivered at that hour would have been sufficient. We can see no reason why the fact that the protest was made in Cincinnati should require greater diligence on the part of the notary.

To carry the rule to such an extent would be going further than this court has ever gone, and further than the general current of authority, will warrant.

Judgment affirmed.

*Carlisle & Foot, for appellants.*

*Rankin, for appellee.*